UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BEST,

                Plaintiff,

       -against-

ROY REBEYEE,[1]

                Defendant.

25-CV-2573 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

       Plaintiff, who currently is detained on Rikers Island, brings this action, *pro se*, alleging that Defendant Roy Rebeyev, the President of College Diamond Fund, Inc. ("CDF"), caused Plaintiff to lose his investment in a property located at 1023 College Avenue in the Bronx, New York (the "Property"). By order dated April 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] As set forth in this order, the Court dismisses the complaint for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

       [1] Plaintiff misspells Defendant's name, which is spelled Rebeyev.

       [2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[3] On an unidentified date, Plaintiff "receive[d] a 11% ownership in the property at 1023 College Avenue and . . . Rebeye[v] . . . cause[d] irreparable harm to Plaintiff 11% ownership interest in the property as well as to the asset as a whole [when] Plaintiff could not pay tax l[ie]n." (ECF 1, at 4.) Specifically, Rebeye[v] "refuse[d] to work with Plaintiff in securing a home equity loan within the 180 days that was given by state court as extension before property can be sold." (*Id.*) Plaintiff indicates that "on February 3, 2025 the property was sold at public auction in the amount of 695,000 dollars." (*Id.* at 5.) Plaintiff "now sues . . . Rebeye[v] for 88,000 dollars equivalent to 11% of the 800,000 the property . . . was worth." (*Id.*)

Plaintiff previously litigated an action in this court concerning the Property. On June 24, 2024, College Diamond Fund, Inc. ("CDF") brought an action against Robert Davis, an administrator of the Estate of Lloyd Davis, which owned a 50% interest in the Property, and Plaintiff. *College Diamond Fund Inc. v. Davis*, ECF 1:24-CV4800, 1 (S.D.N.Y. Mar. 13, 2025) ("*Best I*"). Defendant in this action is the President of CDF, a Delaware and New Jersey company, which owned the other 50% interest in the Property. CDF filed the action to determine the ownership of the Property and to appoint a receiver. It alleged that "the Estate of Lloyd Davis claims interests in the Property adverse to the 50% ownership interest of Plaintiff." ECF 1:24-

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

CV4800, 1, at 2. During the litigation of *Best I*, CDF indicated that a tax foreclosure action had been filed in Bronx County Supreme Court and an order appointing a referee to sell the property had issued. *See id.* ECF 81, at 10-11. Plaintiff, who proceeded as a *pro se* defendant in *Best I*, filed an answer to the complaint on August 12, 2024, declaring that he owned a 1% interest in the Property. *See id.* ECF 62.

Following the sale of the Property on February 3, 2025, in *Best I*, CDF filed a motion to dismiss the complaint as moot under Federal Rule of Civil Procedure 41(a). It argued that "[a]ny claims to title to surplus monies to the sale of the Property . . . must be addressed in the Supreme Court, County of Bronx." *See id.* ECF 107-1, at 5. On March 13, 2025, Judge Analisa Torres of this court granted the motion to dismiss CDF's complaint without prejudice. *See id.* ECF 113. On April 7, 2025, Plaintiff filed a notice of appeal. *See id.* ECF 116.

According to publicly available state court records, a tax foreclosure action was initiated in New York Supreme Court, Bronx County. *See NYCTL 1998-2 Trust v. College Equity Fund*, Index No. 26736/2019E (Bx. Cnty. Sup. Ct.). Following the sale of the Property, CDF moved in that action for a disbursement of the money from the sale.

## DISCUSSION

A.     **Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc, 919, AFL-CIO v. CenterMark*

3

*Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

    **1.**    **Federal Question**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Liberally construed, the complaint appears to assert a claim against Defendant concerning Plaintiff's alleged interest in the Property. Such a claim does not arise under federal law. Thus, the Court cannot exercise federal question jurisdiction of Plaintiff's claim against Defendant.

    **2.**    **Diversity Jurisdiction**

The Court also cannot exercise diversity jurisdiction of any state law claim that Plaintiff may be asserting against Defendant. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff first must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the

4

intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, assuming Plaintiff can state a claim against Defendant, his pleading does not show that the amount in controversy exceeds $75,000. In the complaint filed in this action, Plaintiff states that he seeks damages in the amount of $88,000, which he contends is equivalent to 11% of the value of the Property; although the Property sold for $695,000, Plaintiff claims it is worth $800,000. Plaintiff seeks an 11% interest of the Property because he claims, in this action, that he owns this percentage of the Property. In *Best I*, however, Plaintiff stated in court documents that he owned a 1% interest in the Property, which would amount to $8,000 of the estimated value of the Property. Because the amount in controversy of this action does not appear to exceed $75,000, the Court lacks diversity jurisdiction of Plaintiff's state law claim.

**B.**     ***Younger* Doctrine**

Even if Plaintiff could show that the amount in controversy exceeds $75,000, this Court must abstain from asserting jurisdiction of this state court matter under the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Application of the *Younger* abstention doctrine has been extended to three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69,

72-73 (2013). With respect to cases that fall within the third category, a federal district court should "stay its hand" where there are pending state proceedings involving the enforcement of orders and judgments out of "respect for the ability of state courts to resolve federal questions presented in state-court litigation." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)

Here, *Younger*'s third category applies. Plaintiff seeks a ruling from this Court regarding Plaintiff's interest in the Property, a ruling that directly concerns the ongoing foreclosure proceedings in the Bronx County Supreme Court where that court has an interest in determining how the proceeds from the sale of the Property should be distributed. *See, e.g.*, Manning v. City of New York, No. 24 CIV. 4747 (LGS), 2024 WL 3377997, at *3 (S.D.N.Y. July 11, 2024) ("*Younger* abstention is applicable to attempts to enjoin state court foreclosure proceedings, as foreclosure actions 'concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide the plaintiff with an adequate forum to make the arguments he seeks to raise in this court.") (citation and internal quotation marks omitted). Plaintiff does not allege any facts suggesting bad faith, harassment or irreparable injury. In fact, he does not allege that he has filed any submissions in the foreclosure proceedings or otherwise argued in that matter that he is entitled to a distribution.

Accordingly, the *Younger* doctrine applies, and the Court abstains from assuming jurisdiction of Plaintiff's claim. The Court dismisses the action for lack of subject matter jurisdiction. *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."). This dismissal is without prejudice to Plaintiff's pursing relief in the ongoing Bronx County Supreme Court matter where he may assert his claim that he is entitled to a portion of the distribution.

**LEAVE TO AMEND DENIED**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). This Court lacks jurisdiction of Plaintiff's claim against Defendant and this defect cannot be cured with an amendment. Plaintiff may pursue his relief in the Bronx County Supreme Court foreclosure proceeding.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), without prejudice to Plaintiff's pursuing the relief he seeks here in the state courts.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 18, 2025
        New York, New York

                                                                            Louis L. Stanton
                                                                             U.S.D.J.